the following was delivered by
Judge Roane
as the opinion of the Court of appeals.
The Court is of opinion, that although a party, whose property is taken in execution to satisfy the debt of another, may proceed to recover that property, or damages, for the taking and detaining thereof;, in a Court of' law ; and although it is competent to a sheriff, having doubts as to the title of property taken in execution, to demand from the creditor an indemnifying bond, pursuant to the act in such case made and provided, yet, that neither of these remedies are in exclusion of a proceeding in equi *565 ty, having for its object the retention of the property, in specie- Every argument on which the jurisdiction of the Courts of equity, to compel a performance of a contract, in specie, is founded, is supposed to hold with equal force, at least, in favour of retaining a subject of property, which another, having no title thereto, claims to arrest and dispose of by means of an execution, rather than turn the rightful owner round to seek an uncertain and inadequate reparation in damages. On this ground, the Court is of opinion, that the declared principle of the decree before us is erroneous.
With respect to the merits of this particular case, while the Court, as the case now appears, has no reason-to doubt that the judgments under which the property conveyed was purchased, were founded on a valuable and even meritorious consideration 3 neither does it perceive any circumstances, as to the manner of obtaining, or proceeding under the same, which, independently of that objection, would be considered as unfair, or contrary to the usages of the country in relation to such transactions. With respect to the possession of the slaves, which is alleged to have been retained by Mr. Copland., the Court is of opinion, that a title in them was duly acquired by the grantors in the deeds in the proceedings mentioned, and that the said slaves were, by them, loaned to Mrs. Copland, or to her husband 5 they could not, therefore, be'considered as the slaves of Mr. Copland, m favour of his creditors 3 but such loan.wa3 liable to bo terminated, and the property resumed, by the lenders, at any time within five years 3 which, in fact, was done, by the execution of the deeds in the proceedings mentioned.
On these grounds, the decree of dissolution is reversed, and the injunction reinstated, with liberty to the appellees to impeach the title of the appellants, by showing the judgments in the proceedings mentioned to have been voluntary, or fraudulent, on the final hearing of the cause,